UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SABRINA HARRIS** | * | **CIVIL ACTION NO.:18-1823** |
| **Plaintiff** | * | |
| | * | **SECTION: "R"(1)** |
| **VERSUS** | * | |
| | * | **JUDGE: SARAH S. VANCE** |
| **DOLLAR TREE STORES, INC.,** | * | |
| **Defendant** | * | **MAGISTRATE JUDGE: JANIS VAN** |
| | * | **MEERVELD** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

This Memorandum in Support of Motion for Summary Judgment is submitted on behalf of defendant, Dollar Tree Stores, Inc.

## FACTS

Plaintiff, Denise Robinson, alleges that on May 15, 2016, she was a customer in the Dollar Tree Store #5751, located at 4115 S. Carrollton Avenue in New Orleans. Rec. Doc. 1-4, Petition for Damages ¶ II. She alleges that, while she was shopping in the store, she suddenly slipped and fell "on substances and/or other items on the floor causing her to injure herself." *Id*. ¶ III.

Plaintiff testified that she visited the Dollar Tree in order to purchase goggles, a graduation card, and a gift bag. Exhibit 1, Harris depo. at 73. After plaintiff picked up the goggles, she turned and slipped and fell. *Id*. at 79, 82. The store was fairly busy at the time of the incident. *Id*. at 81.

Ms. Harris did not see the substance on the floor prior to the incident. *Id*. at 83. After she fell, she testified that she saw a clear liquid substance on the floor. *Id*. at 83. **She did not know how the substance came to be on the floor**. *Id*. at 90. **Further, she did not know how long it**

**had been on the floor prior to the incident**. *Id*. at 90. **She did not know if any Dollar Tree employee had knowledge of the existence of the substance on the ground before she fell**. *Id*. at 90.

Plaintiff's own sworn testimony demonstrates that she will be unable to carry her burden of proof as to actual or constructive notice on the part of defendant in this matter. As such, it is respectfully submitted that defendant is entitled to summary judgment, as the plaintiff will be unable to prevail on her claim against defendant, as a matter of law.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id*. Ultimately, "[i]f the evidence is merely colorable ... or is not significantly probative," summary judgment is appropriate. *Id.* at 249. *See, also, Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) ("[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must adduce competent evidence, including but not limited to sworn

affidavits and depositions, to buttress his claims. *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

In this case where jurisdiction is based on diversity, Louisiana state substantive law is applicable. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, Dollar Tree's liability for the plaintiff's alleged accident and injury is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6. That statute sets forth the plaintiff's burden of proof in such cases:

> The claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) **The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.**
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

To prevail in a premises liability action against a merchant, plaintiff must prove each of three statutory elements; failure to prove any of the three required elements will prove fatal to a plaintiff's claim. *Bell v. American General Investment, L.L.C.*, 911 So.2d 408 (La. App. 2nd Cir. 2005), citing *White v. Wal-Mart Stores, Inc.* 699 So.2d 1081 (La. 1997). If a plaintiff is claiming that the merchant created the alleged condition, the plaintiff is required to present proof that the

merchant is directly responsible for the alleged condition. *Ross v. Schwegmann Giant Supermarkets*, 734 So.2d 910 (La. App. 1st Cir. 1999); *Vergin v. McDonald s Restaurants of Louisiana, Inc.*, 722 So.2d 78 (La. App. 1st Cir. 1998); *Martin v. Performance Motorwerks, Inc.*, 879 So.2d 840 (La. App. 4th Cir. 2004); and *Norden v. Wal-Mart Stores, Inc.*, 716 So.2d 930 (La. App. 4th Cir. 1998). To prove a merchant had constructive notice of a hazardous condition, the plaintiff must make a positive showing of the existence of the condition prior to the accident, as well as an additional showing that the condition existed for such a period of time that the merchant would have discovered the condition in the exercise of reasonable care. *Dafour v. E-Z Serve Convenience Stores, Inc.*, 915 So.2d 915 (La. App. 5th Cir. 1999; *Ross v. Schwegmann Giant Supermarkets*, 734 So.2d 910 (La. App. 1st Cir. 1999); *Rhea v. Winn Dixie Market Place Store*, 849 So.2d 759 (La. App. 4th Cir. 2003); *Baggett v. Schwegmann Giant Super Markets*, 750 So.3d 1027 (La. App. 5th Cir. 1999); *Reed v. Home Depot USA, Inc.*, 843 So.2d 588 (La. App. 2nd Cir. 2003).

Under La. R.S. 9:2800.6(B)(2), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant-defendant on notice of its existence. *Oster v. Winn Dixie Louisiana, Inc.,* 881 So.2d 1257, 1261 (La.App. 5th Cir. 8/31/04), *citing White v. Wal–Mart Stores, Inc.,* 699 So.2d 1081 (La.9/9/97). This element is referred to as the "temporal" element. While there is no bright line time period, a plaintiff must show that the condition existed for "a period of time." *Oster,* 881 So.2d at 1261, *citing Kennedy v. Wal–Mart Stores, Inc.,* 733 So.2d 1188, 1190 (La.4/13/99). *White* further prohibits the inference of constructive notice absent some positive showing of the temporal element. *See White,* 699 So.2d at 1084. In discussing the type of positive showing required of a plaintiff under the Merchant Liability Statute, the Louisiana Supreme Court

further stated, "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *White,* 699 So.2d at 1084. Therefore, a plaintiff "who simply shows that the condition existed without an additional showing that the condition existed for some time before the accident has not carried the burden of proving constructive notice as mandated by the statute." *Id.* The Supreme Court concluded that although "the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *White,* 699 So.2d at 1084–1085.

Courts in Louisiana have repeatedly granted motions for summary judgment in the context of slip and fall cases on the element of notice, holding that the cases were appropriate for summary disposition. *Babin v. Winn-Dixie Louisiana, Inc.*,764 So.2d 37 (La. 2000). *See also, Boeshans v. Petsmart, Inc.*, 951 So.2d 414 (La. App. 5th Cir. 2007). In *Babin*, the plaintiff claimed that he had been shopping in the store for only five or ten minutes when he slipped and fell on several plastic toothpick boxes that were on the floor. Plaintiff admitted in his deposition that he did not know how the toothpick boxes got on the floor, nor did he know how long they had been on the floor before he fell.

The trial court granted summary judgment in favor of the merchant as the plaintiff was unable to prove an essential element of his case, namely actual or constructive notice. The Court of Appeal reversed, but the Louisiana Supreme Court reversed the Court of Appeal ruling and reinstated the granting of the summary judgment. In doing so, the Supreme Court stated:

> In sum, we find Winn-Dixie met its burden of showing an absence of factual support for an essential element of plaintiff's claim. Plaintiff failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Accordingly, the district court properly granted summary judgment in favor of Winn-Dixie. *Id.* at 40.

The Louisiana Supreme Court further stated in *Babin*, that mere "speculation that the condition may have existed for some period prior to [the] fall" is not sufficient to meet the plaintiff's burden of making a "positive showing" that the condition existed for "some time" prior to the fall. *Id.*

Likewise, in *Rhea v. Winn Dixie Marketplace Store,* 849 So.2d 759 (La.App. 4th Cir. 6/4/03), the Louisiana Fourth Circuit affirmed the trial court's grant of summary judgment in favor of the defendant store, again, because the plaintiff therein "did not produce any evidence to show that she would be able to meet her burden of proof that the defendants had actual or constructive notice of the broken jar of baby food" upon which the plaintiff slipped. *Id.* at 761–62. *See also, Clark v. J-H-J Inc.*, 136 So.3d 815, (La.App. 1st Cir. 11/1/13) (summary judgment affirmed as plaintiff, who had no idea of how long a substance had been on the floor before and no evidence to establish how long the substance may have been on the floor, failed to prove temporal element necessary to establish merchant had constructive notice); *Gregory v. Brookshire Grocery Co.*, 35 So.3d 458, (La.App. 2nd Cir. 4/21/10) (summary judgment affirmed in favor of merchant when plaintiffs were unable to establish, even roughly, how long vomit had been on the floor before alleged accident); *Kimble v. Winn–Dixie Louisiana, Inc.,* 800 So.2d 987, (La.App. 5th Cir. 10/17/01) (summary judgment affirmed when plaintiff did not produce evidence to show that she would be able to meet her burden of proof that the merchant had actual or constructive notice of a raw egg on the floor); and *Oster v. Winn-Dixie Louisiana, Inc.*, 881 So.2d 1257 (La.App. 5th Cir. 2004) (summary judgment affirmed where evidence failed to establish that piece of plastic on floor existed for some time before fall so as to establish actual or constructive knowledge on part of store before patron's fall, and thus, store could not be liable in patron's premises liability action).

In this case, summary judgment is appropriate based upon the plaintiff's own sworn

deposition testimony, which demonstrates that the plaintiff has no evidence whatsoever to support a finding of actual or constructive notice on the part of defendant. ***The plaintiff denied knowing how long the substance had been on the floor prior to the alleged incident, and she did not how the substance came to be on the floor***. She did not present any evidence that any Dollar Tree employee created the alleged condition or knew about the substance being on the floor. Thus, the plaintiff will be unable to show that the alleged condition was either created by a Dollar Tree employee or that defendant knew or should have known of its presence prior to the alleged accident.

If plaintiff cannot adduce proof on any one of the essential elements of her case, then summary judgment must be granted. Here, the record is devoid of any evidence to even arguably create an issue of fact on plaintiff's burden of proving actual or constructive notice under La. R.S. 9:2800.6. Therefore, as in the numerous cases cited above, summary judgment must be granted.

## CONCLUSION

By the plaintiff's own admission, she is unable to state how long the substance had been on the floor prior to the alleged accident or how it got on the floor, and there is no evidence that any Dollar Tree employee knew that the substance was present prior to the fall. She cannot prove that defendant either created or had actual or constructive knowledge of the alleged condition, which effectively precludes her from carrying her burden of proof as required by La. R.S. 9:2800.6 and the jurisprudence. Therefore, summary judgment must be granted, dismissing plaintiff's claims, with prejudice, and at plaintiff's cost.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

*/s/ Jack E. Truitt*
JACK E. TRUITT, BAR NO. 18476, T.A.
LOU ANNE MILLIMAN, BAR NO. 23869
MICHELLE MAYNE DAVIS, BAR NO. 23027
NANCY N. BUTCHER, BAR NO. 24178
LAUREN A. DUNCAN, BAR NO. 37105
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Dollar Tree Stores, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was sent to all counsel of record via electronic filing through the CM/ECF system on the 13th day of May, 2020. Copies to any counsel not listed on the Court's CM/ECF system have been sent via U.S. first class mail, postage pre-paid and properly addressed.

*/s/ Jack E. Truitt*
Jack E. Truitt