UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SABRINA HARRIS | CIVIL ACTION |
| VERSUS | NO. 18-1823 |
| DOLLAR TREE STORES, INC. | SECTION "R" (1) |

## ORDER AND REASONS

Defendant moves for summary judgment.[1] Because there is no genuine dispute of material fact as to defendant's liability under Louisiana's merchant slip-and-fall statute, the Court grants defendant's motion.

### I.   BACKGROUND

This case arises from a slip-and-fall. On May 15, 2016, plaintiff was shopping at a Dollar Tree in New Orleans, Louisiana.[2] Plaintiff contends that after she picked a pair of goggles from a store shelf,[3] she slipped on a slimy substance and fell to the floor.[4] Plaintiff asserts that the fall injured her knee, back, foot, and other parts of her body.[5]

---

[1]   *See* R. Doc. 34.
[2]   *See* R. Doc. 1-4 at 1 ¶ II.
[3]   *See* R. Doc 34-4 at 3 (Harris Deposition 79:17-19).
[4]   *See id.* at ¶ III.
[5]   *See* R. Doc. 1-4 at 2 ¶ IV.

Plaintiff submitted a surveillance video that captures the incident.[6] The video includes footage of the Dollar Tree store from 4:29 p.m. to 5:30 p.m. on the day that plaintiff's alleged injury occurred. From 4:29 p.m. to 5:07 p.m., the video shows several customers walking up and down the aisle where plaintiff later falls.[7] The video does not show any of those customers falling to the floor. No wet substance is visible on the video at any time.

At 5:07 p.m., plaintiff appears on the video.[8] The video shows plaintiff walking from one end of the aisle to the other. After walking past the area where she later slips, the video shows plaintiff examining an item on the shelf.[9] Next, plaintiff takes three steps back in the direction she came.[10] On her third step, the video shows plaintiff's right foot slipping forward and plaintiff falling to the ground in a split-like position.[11] At 5:11 pm, the video shows a man helping plaintiff to her feet,[12] and at 5:13 p.m., the same man wipes the area where plaintiff slipped with paper towels.[13]

---

6   *See* R. Doc. 29-1 (video evidence).
7   *See id.*
8   *See id.* at 17:07:28.
9   *See id.* at 17:07:45.
10  *See id.* at 17:08:34.
11  *See id.* at 17:08:47.
12  *See id.* at 17:11:50.
13  *See id.* a 17:13:16.

In her deposition, plaintiff testified that after she fell, she saw a clear substance on the floor.[14] She testified that she did not know how the substance came to be on the floor.[15] Plaintiff also testified that she did not know how long the substance had been on the floor.[16]

On May 10, 2017, plaintiff sued Dollar Tree in the Civil District Court for the Parish of Orleans.[17] Plaintiff seeks damages for medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, and lost wages.[18] Defendant now moves for summary judgment.[19]

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence

---

14   *See* R. Doc 34-4 at 7 (Harris Deposition 83:19).
15   *See id.* at 7 (Harris Deposition 90:17).
16   *See id.* at 7 (Harris Deposition 90:19).
17   *See* R. Doc. 1-4.
18   *See id.*
19   *See* R. Doc. 34.

3

in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's

4

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## III. DISCUSSION

Louisiana statutory law governs the "[b]urden of proof in claims against merchants" when a plaintiff alleges that the merchant's negligence

5

caused the plaintiff to be injured in a fall on the merchant's premises. *See* La. R.S. 9:2800.6. Under the statute, a plaintiff must prove, among other things, that "[t]he merchant either" (1) "created" or (2) "had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. R.S. 9:2800.6(B)(2); *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 748 (5th Cir. 2017) ("[P]laintiffs must prove *either* creation of the hazard *or* actual or constructive notice thereof." (emphases in original)).

The Fifth Circuit has observed that this "statute 'places a heavy burden of proof on plaintiffs' in slip and fall cases." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)). A plaintiff cannot meet this burden through "mere speculation." *See Bearb v. Wal-Mart*, 534 F. App'x 264, 265 (2013) (affirming grant of summary judgment where plaintiff "offer[s] only speculation . . . [that] Wal-Mart created the condition because it resulted from either a leaking skylight or wet shopping carts . . . ."); *Bagley*, 492 F.3d at 330 ("'Mere speculation or suggestion is not sufficient to [show constructive notice] . . . .'" (quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So.2d 895, 898-99 (La. App. 2 Cir. 2003))).

6

Here, plaintiff argues that there are genuine issues of material fact as to whether Dollar Tree "created" the hazardous condition,[20] and as to whether Dollar Tree had "constructive notice" of the hazardous condition.[21] La. R.S. 9:2800.6(B)(2). The Court considers each issue in turn.

### A. Creating the Hazardous Condition

Plaintiff first argues that there is a genuine issue of material fact as to whether Dollar Tree created the hazardous condition. On this point, plaintiff relies on the Fifth Circuit's decision in *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 748 (5th Cir. 2017).[22] In *Deshotel*, the Fifth Circuit found that there was a genuine issue of material fact as to whether the defendant, Wal-Mart, created the hazardous condition at issue—a wet floor. *Id.* at 747. The Fifth Circuit reversed the district court's grant of summary judgment, noting that Wal-Mart failed to fix a "known leaky roof, leading to the . . . hazardous puddles on the floor." *Id.* at 748. The Fifth Circuit held that a defendant could be liable for creating a hazardous condition if the defendant is "responsible for maintaining the area where the hazardous condition was manifest." *Id.* at 747-48.

---

[20] *See* R. Doc. 43 at 7.
[21] *See id.* at 8.
[22] *See id.* at 7.

7

Plaintiff argues that, like *Deshotel*, defendant here has a responsibility to maintain its own floors.[23] Plaintiff points to interrogatories in which defendant indicates that all Dollar Tree employees are responsible for maintaining and monitoring the premises for potential hazards.[24] In plaintiff's view, defendant's responsibility to maintain its own floors creates a genuine dispute of material fact as to whether Dollar Tree created the hazardous condition.[25]

Plaintiff's argument misconstrues *Deshotel*. Even if Dollar Tree is responsible for maintaining its own floors, plaintiff still must point to evidence, absent speculation, suggesting that the *defendant* created the hazardous condition. Another Fifth Circuit decision, *Bearb v. Wal-Mart*, is instructive. Like the plaintiff in *Deshotel*, the plaintiff in *Bearb* alleged she was injured from slipping on a wet floor at Wal-Mart. But in *Bearb*, "the only evidence that a leaky skylight created a puddle on the floor was 'speculation and [the plaintiffs'] own unsubstantiated statements.'" *Deshotel*, 850 F.3d at 746 (quoting *Bearb*, 534 F. App'x at 265). The plaintiff in *Bearb* contended that the wet floor could have been either the result of a leaking skylight or wet shopping carts. *Id.* at 265. Plaintiff's speculation, the Fifth

---

[23] *See* R.Doc. 43 at 7.
[24] See R. Doc. 43-1 (Dollar Tree's Answer to Interrogatory No. 6).
[25] *See* R. Doc. 43 at 7.

8

Circuit found, precluded her from creating a genuine dispute of material fact on the issue of whether the defendant created the hazardous condition. *Id.*

Plaintiff points to no evidence suggesting that Dollar Tree created a hazardous condition. The surveillance video does not show any wet substance on the floor, and plaintiff does not contend that it does. Moreover, plaintiff testified that she did not know how the substance came to be on the floor.[26] As a result, plaintiff's argument that Dollar Tree created the hazardous condition is mere speculation, unsupported by any evidence in the record. *Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So.2d 910, 913 (La. App. 1 Cir. 1999) (affirming a district court's grant of summary judgment because there was "no evidence that would establish that the [hazardous condition] found its way onto the floor because of an act by a Schwegmann employee"); *see also Bearb*, 534 F. App'x at 265 (affirming district court's grant of summary judgment where plaintiff "offer[s] only speculation . . . [that] Wal-Mart created the condition because it resulted from either a leaking skylight or wet shopping carts . . . ."). Plaintiff fails to create an issue of material fact as to whether Dollar Tree created the hazardous condition.

---

[26]  *See id.* at 7 (Harris Deposition 90:17).

9

### B. Constructive Notice

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). Importantly, "[t]he statute does not allow for the inference of constructive notice," absent some showing of the existence of the condition prior to plaintiff's fall. *See White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997); *see also Leger v. Wal-Mart La., LLC*, 343 F. App'x 953, 954 (5th Cir. 2009) (holding that the plaintiff must make a "positive showing of the existence of the condition" for some time period "prior to the fall"). "'Mere speculation or suggestion' is not sufficient to [show constructive notice]." *Bagley*, 492 F.3d at 330 (quoting *Allen*, 850 So.2d at 898-99). "[C]ourts will not infer constructive notice . . . where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.* (quoting *Allen*, 850 So.2d at 898-99).

Plaintiff argues that the video evidence creates a genuine issue of material fact as to constructive notice. Specifically, plaintiff asserts that because the video shows the aisle for thirty-nine minutes before her fall, and because the video does not show an employee cleaning the aisle during that

10

thirty-nine-minute period, the hazardous condition *must* have existed for at least thirty-nine minutes.[27]

In effect, plaintiff asks this Court to do what it may not do—find constructive notice based on inferences unsupported by the record. In a similar case, *Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 339 (5th Cir. 2012), the Fifth Circuit affirmed a district court's grant of summary judgment, noting that "[t]he video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor." *Id.* The Fifth Circuit reiterated that the plaintiff failed to meet her burden to show constructive notice because "[t]he video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area." *Id.* The *Taylor* court reasoned that, to assume the substance preexisted the video footage, would ask the court "to draw a series of impermissible inferences unsupported by [the] summary judgment record." *Id.*

The Fifth Circuit reached a similar result in *Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533, 537 (5th Cir. 2018). There, the plaintiff argued that a surveillance video, showing the area of plaintiff's fall for twenty-two

---

[27] *See* R. Doc. 43 at 6-7.

11

minutes leading up to the incident, created a genuine issue of material fact as to constructive notice. *Id.* The Fifth Circuit noted that "[t]he source of the liquid is not discernable from the surveillance video" and that "speculation and negative reasoning are not sufficient to carry [plaintiff's] burden of putting forth 'positive evidence' that the damage-causing condition existed for a period of time sufficient to demonstrate constructive notice." *Id.* at 538 (quoting *Bagley*, 492 F.3d at 330). As in *Taylor* and *Peterson*, plaintiff's surveillance video and speculation do not amount to a "positive showing of the existence of [a hazardous condition]." *Leger*, 343 F. App'x at 954.

Other courts have reached similar results. *See, e.g., Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014) (affirming summary judgment when "footage does not show the substance," and thus "the temporal inference [the plaintiff] seeks to draw from the footage would be inappropriate"); *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So. 2d 37, 40 (La. 2000) (per curiam) (permitting summary judgment when, absent speculation, the plaintiff was "unable to make a positive showing that the condition did exist for some period of time p[rior] to his fall"); *Dawson v. Brookshire Grocery Co.*, 718 So.2d 623, 626 (La. App. 2 Cir. 1998) ("[P]laintiff failed to present positive evidence that water or moisture was

12

present on the floor or had remained on the floor for any length of time prior to her fall.").

In sum, because "the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim," *Celotex*, 477 U.S. at 325, the Court grants defendant's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __23rd_ day of November, 2020.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE